UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| GINGER J. JACKSON, | ) | |
|---|---|---|
| *Plaintiff,* | ) ) | |
| v. | ) ) | No. 4:07-cv-34 |
| PAUL D. CROSS, | ) ) | *Mattice/Lee* |
| *Defendant.* | ) ) | |

## **MEMORANDUM**

Ginger J. Jackson ("Plaintiff), a *pro se* prisoner, has filed a civil complaint against attorney Paul D. Cross ("Defendant") alleging he violated her civil rights under 42 U.S.C. § 1983 when he ineffectively and incompetently represented her in a state criminal case (Court File No. 1). As explained below, no service shall issue and this complaint (Court File No. 1) will be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

### *I. Non-dispositive Motions*

Also before the Court is Plaintiff's motion to proceed *in forma pauperis* (Court File No. 2), which will be **DENIED as MOOT** as Plaintiff has paid the filing fee. The dismissal of the complaint necessarily requires that Plaintiff's motion to appoint counsel be **DENIED as MOOT** (Court File No. 3).

### *II. Standard of Review*

*Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States,* 508 U.S. 106, 113 (1993); *Boag v. MacDougall,* 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th

1

Cir. 1996); *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991). However, *pro se* status does not exempt the plaintiff from the requirement that she comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas,* 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority,* 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.,* 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to FED. R. CIV. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties,* 55 F.3d at 1103-04; *Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools,* 960 F. Supp. 1259, 1268 (W.D. Mich. 1997).

Although the Court normally screens prisoner's complaints pursuant to 28 U.S.C. § 1915A and § 1915(e), neither of these sections apply in the instant case as Plaintiff is not proceeding *in forma pauperis* nor is she seeking redress from a governmental entity, officer, or employee. Furthermore, generally, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint. *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). A district court may, however, "at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or are no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), *cert. denied*, 528 U.S. 1198 (2000), citing *Hagans v. Lavine*, 415 U.S.

2

528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous, attenuated, or unsubstantial claims divest the district court of jurisdiction, but ultimately finding the plaintiffs' claims raised under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3) formally alleged a deprivation of constitutional rights and thus were not unsubstantial or wholly frivolous); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims, but then allowing an arguably plausible claim to proceed). The requirement that a plaintiff must be given the opportunity to amend does not apply to *sua sponte* dismissals for lack of jurisdiction pursuant to *Hagans*. *See Tingler v. Marshall*, 716 F.2d 1109, 1111 (6th Cir. 1983).

### III. Facts

Plaintiff avers that she entered into a contract with Defendant either in December 2001 or January 2002, and he agreed to represent her in her state criminal case. It appears Plaintiff was convicted, by a Franklin County jury, sometime during 2004, of soliciting the first degree murder of her ex-husband and was sentenced to a term of eight years and six months confinement in the Department of Correction. *See State v. Jackson*, 2005 WL 544727 (Tenn.Crim.App. 2005). Plaintiff has now filed a complaint against her counsel, alleging that his representation of her in the state criminal proceeding was deficient.

Specifically, Plaintiff contends Defendant failed to formulate and construct a defense; use rebuttal evidence, which he possessed; and cross-examine the State's witnesses to contradict the discrepancies in their testimony. Plaintiff maintains trial counsel assisted the prosecution when he permitted the State's witnesses to testify falsely without any objection and when he failed to introduce evidence that she was subjected to many years of abuse by the alleged victim. Plaintiff

3

contends this failure resulted in harm and injury to her in the form of a conviction and jail sentence. Plaintiff avers counsel violated her civil rights when he coerced her into relinquishing her right to testify when he convinced her the jury would not believe the State's witnesses, that she would not spend a day in jail, and that she was not mentally or physically able to testify on her own behalf (Court File No. 1, p. 4). Furthermore, counsel's failure to inspect and test car keys the State claimed Plaintiff gave to the informant was negligent and careless, according to Plaintiff, because she did not give the informant any keys to the ignition of any car belonging to the alleged victim (Court File No. 1, p. 7). Finally, Plaintiff contends that she provided bank records demonstrating the alleged victim bribed the informant to setup the Plaintiff but counsel refused to address the issue during trial, and instead, waited until sentencing at which time the Judge struck the line of questioning from the record.

Plaintiff also asserts counsel was ineffective during her sentencing hearing. Specifically, counsel failed to object to the many alleged errors in the pre-sentence report, assuring Plaintiff she would be home within two hours. In addition, Plaintiff claims Defendant was negligent when he failed to prepare a complete and accurate record on appeal which resulted in the Tennessee Court of Criminal Appeals concluding all issues relative to the tape recordings were waived.

She requests the Court to find her civil rights have been violated and seeks compensatory, punitive, and future damages in the amount of $15,000,000.00.

## IV.    *Analysis*

To state a viable claim under 42 U.S.C. § 1983, Plaintiff must allege she was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person

4

acting under color of law, without due process of law. *Flagg Brothers Inc. v. Brooks,* 436 U.S. 149, 155 (1978); *Chatman v. Slagle,* 107 F.3d 380, 384 (6th Cir. 1997); *Brock v. McWherter,* 94 F.3d 242, 244 (6th Cir. 1996); *O'Brien v. City of Grand Rapids,* 23 F.3d 990, 995 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991) *cert. denied,* 502 U.S. 1032 (1992)

Plaintiff claims her attorney violated her civil rights when he failed to provide the level of representation she expected during her state criminal case and direct appeal. Plaintiff has also raised these claims in state court as she presently has a state action for relief from conviction pending in state court wherein she has alleged counsel was ineffective (Court File No. 1, p. 2).

It is well settled that neither a public defender nor a private attorney, whether appointed or retained, acts under color of law or is otherwise subject to suit under 42 U.S.C. § 1983 when performing a lawyer's traditional function as counsel to a criminal defendant. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional function as counsel to a defendant in a criminal proceeding."); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) ("With regard to the allegation that appellee Safir represented appellant inadequately, no cause of action has been stated because § 1983 provides a remedy only against one acting under color of state law. Safir, a private attorney, does not fall within this category, despite the fact that he had been appointed by the court."); *also see Communities for Equity v. Michigan High School Athletic Ass'n*, 459 F.3d 676 (6th Cir. 2006) (individual charged under § 1983 must be a state actor). Although a private party may conspire with a state actor, thus becoming liable for §1983 purposes, Plaintiff has presented no facts which would support a finding of conspiracy in this case. *See Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922,

941 (1982). Therefore, to the extent Plaintiff sues Defendant under § 1983, she has not raised a cognizable claim.

Plaintiff's complaint fails to state an arguable claim upon which federal jurisdiction can be asserted. To assert a claim in federal court, Plaintiff must either show diversity of jurisdiction or rely upon a federal law, the Constitution, or treaty of the United States. *See* 28 U.S.C. §§ 1331 & 1332.

Diversity jurisdiction requires a plaintiff to show that diversity of citizenship exists between the parties. This showing can be accomplish by showing the parties are citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Plaintiff has failed to satisfy this requirement as her complaint reflects that both she and Defendant are citizens of the State of Tennessee (Court File No. 1). Plaintiff has also failed to show her claim of legal malpractice is based upon a federal law, the Constitution, or treaty of the United States, as it sounds in negligence. Thus, Plaintiff simply has not shown that her claim can be brought in federal court in this proceeding.

To the extent Plaintiff is attempting to raise an ineffective assistance of counsel claim, the proper avenue for bringing such a claim on the basis of representation during a state criminal proceeding is to file a petition pursuant to 28 U.S.C. § 2254 after exhausting all state remedies. Thus, Plaintiff's ineffective assistance of counsel claim must be raised in a habeas proceeding after Plaintiff has exhausted her state remedies. The Court, therefore, declines to address the complaint as a habeas petition as Plaintiff does not demonstrate she has exhausted her state remedies which she is required to do before requesting relief under 28 U.S.C. § 2254. *See Granberry v. Greer*, 481 U.S. 129 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; and 28 U.S.C. § 2254(b)(1)(A). At this time, since Plaintiff's state post-conviction case is pending, the Court lacks jurisdiction to adjudicate an ineffective

assistance of counsel claim. *See In re Bowen* 436 F.3d 699, 701 (6th Cir. 2006) (petitioners must exhaust all claims in state court before seeking federal review).

To the extent Plaintiff has stated a claim of attorney malpractice the proper forum for a state tort law claim of attorney malpractice is the Tennessee state courts. Pursuant to 28 U.S.C. § 1367(c)(3), this Court declines to exercise supplemental jurisdiction over any pendent state claims which the plaintiff may have.

Accordingly, Plaintiff's claim of legal malpractice is constitutionally insubstantial and frivolous. Accordingly, the complaint will be **DISMISSED** *sua sponte* for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

An appropriate judgment will enter.

*/s/Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE